## HILL and SANFORD *vs.* COVELL.

A special verdict should state facts and not merely the evidence of facts, so as to refer to the court only the consideration of questions of law.

To authorize a judgment for the plaintiff upon a special verdict in an action of trover, the verdict should either find a conversion of the property, or state such facts as to leave the question of conversion one of law merely.

A demand and refusal are only evidence of conversion, and may be repelled by proof showing that a compliance with the demand was impossible.

Therefore, where in trover the special verdict stated a demand and refusal, but did not show that the property was in the possession of the defendants at the time of such demand, there being also other evidence stated in the verdict tending to show that the property was not then in their possession; *held*, not sufficient to entitle the plaintiff to judgment on the verdict.

And although the special verdict also found that the defendants had sold the property, yet it appearing that they had authority to sell it on account of the plaintiff, and the fact not being negatived that the sale was for the purpose and in the manner authorized; *held*, that the court could not adjudge that there had been a conversion.

COVELL sued Hill and Sanford in the supreme court, in trover, for 52,900 feet of pine lumber. The cause was tried at the Chemung circuit in May, 1844, when the jury found a special verdict, assessing the plaintiff's damages contingently at $500, on which the supreme court gave judgment for the plaintiff For a statement of the case and the opinion of the supreme court, see 4 *Denio*, 323. The defendants bring error to this court.

Hill *v.* Covell.

*S. Stevens*, for the plaintiffs in error.

*N. Hill, Jr.* for the defendant in error.

GARDINER, J. In the action of trover the jury may undoubtedly refer the question of a conversion to the court as a question of law. But in order to do this, the record must state every fact necessary to the legal conclusion which will then be declared by the court. The difficulty in the present case is that the special verdict neither finds a conversion in terms, nor the facts that will enable us to determine it as a question of law in favor of the plaintiff.

To maintain this action the plaintiff must establish property in himself, and a tortious conversion by the defendant. In this case the special verdict has not found in terms that the plaintiff was the owner of the lumber, and if this fact is to be implied against the defendants from the agreement between Covell and Potter, it appears from that instrument that although the title was to be held by the plaintiff, yet Potter was constituted his agent to deliver the lumber to the defendants, to employ them to sell it, and to account for the avails to him and the plaintiff respectively, according to the agreement. The defendants, therefore, upon the receipt of the lumber from Potter, acquired by the assent of the plaintiff a rightful possession coupled with an authority to dispose of the property.

The sale of the lumber subsequently by the defendants was consistent with the rights of the plaintiff as general owner, and of itself, consequently, would not constitute a conversion. Now the jury have found that the defendants disposed of the greater part of the lumber in 1842, without stating the time more particularly or the quantity, and the residue in 1843. Their verdict does not state however whether any of the property was sold in a manner or for a purpose not authorized by the agreement set forth, or even by the express directions of the plaintiff contained in his letter of the 8th of October. These are all facts which we must presume in order to determine the question of a tortious conversion.

Hill· *v.* Covell.

It is true that the special verdict set forth a demand of the lumber by the plaintiff in April, 1843, and a refusal by the defendants to deliver the same, unless the advances made by the latter to Potter were first paid. But the jury have not found the fact that any part of the lumber was then in the possession or under the control of the defendants; on the contrary it appears affirmatively from the verdict that the greater part of the property had been sold, and that all might have been, prior to the demand. A demand and refusal are but evidence of a conversion. As evidence it may be met and repelled by proof that a compliance with the demand was impossible. (5 *Burr.* 2825; 1 *Cowp.* 439.) It is sufficient to say that we have only evidence in this case tending to prove a conversion. We are first to presume certain facts, and then declare the law applicable to them. The first is the exclusive province of the jury. The office of a special verdict is to present facts, and not merely the evidence of facts. (8 *Cowen's R.* 413, 414.) It was observed by C. J. Dallas, " that sufficient facts must be stated on the record to refer to the court the consideration of the question of law." (8 *Price's R.* 383.) This is an intelligible rule which obviously has not been complied with in this case. The defects in the special verdict were not alluded to in the supreme court. They present, however, an insuperable obstacle to a decision by this court of the questions intended to be presented by these parties. There must be a new trial upon which the facts may be ascertained and properly presented upon the record.

Ordered accordingly.