Bosworth, Ch. J.
The Judge, in his charge upon the question of damages, speaking of the plaintiff’s business which had been interrupted or broken up, used this language, viz.: “It appears she was in the habit of keeping boarders, selling liquors, groceries and vegetables, which *156 were left in a condition to be destroyed; the liquor she sold there, by which she made money, it is said, she sold against the law, and that you cannot take into calculation • an illegal traffic; upon that point the defendant is bound to make out that she was selling liquor without a license, in order to deprive her; whether she was or not, it is for you to say from the testimony.”
The defendant asked the Judge to charge, that the plaintiff is not entitled to recover for loss of profits from sale of liquor. The Judge declined and the defendant excepted.
The only evidence in respect to her having a license is her own testimony in these words, viz: “I had a license to sell liquor; that is, my husband had.” The plaintiff was a widow. ♦
If the rule be, as the Judge seems to have stated it, that -if the plaintiff was selling liquor without a license, she could not recover for a loss of profits in that business, then it follows that the defendant was entitled to the instruction which he asked the Judge to give. It appeared by her own testimony that she had no license.
But the burden of proof is on the plaintiff; to show that she had a license. (Ehel v. Smith, 3 Caines R., 187; Griffith v. Wells, 3 Denio, 226.)
Failing to show that, the presumption is, that her traffic in liquors was illegal, and for the loss of profits caused by interrupting a business of that character, she could not recover. •
The actual value of the leasehold interest, if entirely destroyed, or the amount of the loss, if the injury was partial, should have been allowed: But it is one thing to allow the value of premises, whether that value consists, in part, of the advantages of its location, or of its adaptation to a particular branch of business, and quite another to allow for a loss of anticipated profits resulting from the interruption of a business in itself illegal.
The Judge charged that she was only entitled to be compensated for injury to her business “ for the time she *157 was actually entitled to remain in the house, and it appears that her contract or legal right was for a month.’’
There can be no presumption that she would have obtained a license for a month, or for a year, and have paid the necessary license fee, in order to carry on, legally, for a month, a business which theretofore had been conducted contrary to law. And for the profits lost, between the time of the injury and some day when it may be conjectured she could and would have procured a license, it is quite clear there can be no recovery.
Even if it can be assumed or found that the premises had something of value attached to them, which may be called good will, it may be conceded that she may be allowed the value of her premises, including as a part of it the worth of this good will; and yet it does not follow that she may recover for the loss of profits which she might have made from transacting an illegal business.
An “ exception is taken to the refusal of the Judge to charge, that the plaintiff is not entitled to recover for loss of profits from, sale of liquor.”
The defendant was entitled to this instruction, as it appeared from the testimony of the plaintiff herself, that she was selling without a license. She could not have recovered the value of anything sold in the course of this business, from those who dealt with her, nor can she recover from a third person for a loss of profits anticipated from it, caused by the negligence of such third person.
The recovery is for so small a sum that I should be disposed to refuse a new trial, were it not, that in my view of the law, the verdict cannot be sustained, by reason of the refusal of the Judge to charge as requested.
The other Justices who heard the argument concurring, except Baeboub, J., who dissented, the verdict was set aside, and a new trial ordered, with costs to abide the event.