JOHN CASEY, RESPONDENT, v. CATHARINE DWYRE, APPELLANT.

15h 153
81 AD 327

*Special verdict— what it must contain.*

A special verdict must contain all the facts necessary to sustain the judgment.

APPEAL from a judgment in favor of the plaintiff, entered upon a special verdict.

The action was brought to recover damages occasioned by the acts of defendant, in tearing down a gate and allowing her cattle to trespass upon plaintiff's land. At the trial the three following questions were submitted to and answered by the jury: To the first interrogatory: "What were the damages which plaintiff sustained for the cattle trespassing upon plaintiff's land?" the jury reply: "We find damages $5." To the second interrogatory: "Was this a public highway or not?" the jury reply: "No public highway." To the third interrogatory: "If it was not a public highway, what damages did plaintiff sustain in consequence of the defendant's tearing down and destroying the gate?" the jury reply: "Six cents damages."

*Oliver Porter*, for the appellant.

*H. C. Miner* and *A. P. Smith*, for the respondent.

*Per Curiam:*

It appears that at the close of the trial the court submitted several interrogatories to the jury to which they answer. There was no other verdict than their answers to these interrogatories. The interrogatories and the answers are called in the judgment-roll, "special verdict," and this is what they seem to constitute. We do not think that this can be called a general verdict, for the jury do not find that the plaintiff shall recover any sum.

The complaint is denied by the answer; so that there are no admissions in the pleadings to aid these special findings. And it is a well-known principle that a special verdict must contain all

the facts necessary to sustain a judgment. (*Seward* v. *Jackson*, 8 Cow., 413; *Hill* v. *Covell.* 1 N. Y., 522: *Langley* v. *Warner*, 3 id., 327.)

In this respect this special verdict is defective. For instance: it does not find that the trespassing cattle belonged to the defendant, or that the defendant had anything to do with them. There is nothing then in the verdict which shows that the defendant is liable for the damages. Even if we assume, from the answer to another interrogatory, that the defendant tore down the gate, the jury have not found that this act was the cause or occasion of such trespassing of cattle.

It is very possible that all these matters were sufficiently proved, and were even undisputed. But the difficulty is that, in the absence of a general verdict, we can add nothing to the facts specially found. If the jury had, in addition, found a general verdict, that would have authorized the judgment. The judgment, it is true, recites that the jury found in favor of the plaintiff and against the defendant for so much damages. But it refers to the certified minutes of the trial attached. And by these it appears that they did not find generally.

The objection thus presented is not, as seems to be thought by the plaintiff, the neglect to apply for judgment on the special verdict. It is a defect in the verdict itself, which is apparent when the case is presented on this appeal.

We do not think that we ought to break down a rule that is so well settled. It may seem strict, but the reasons for it are apparent, on a little consideration.

The judgment must be reversed, and a new trial granted; costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Judgment reversed for mistrial, new trial ordered; costs to abide event.