JERMAN v. STEWART, GWYNNE & Co.

(*Circuit Court, W. D. Tennessee.* May 20, 1882.)

ATTACHMENT — WRONGFUL SUING OUT — MEASURE OF DAMAGES — MALICE AND PROBABLE CAUSE.

> The defendant in an attachment proceeding is entitled to recover from the plaintiff who fails to prosecute his suit with effect the actual damages sustained by him, whether there was any malice or want of probable cause or not; the common-law rule in this regard having no application to attachments under the Tennessee Code, §§ 3471 and 4289, the defendant's rights being regulated by the statute, and not by the common law. The wrongful suing out contemplated by these sections is conclusively proved by a judgment of the court in favor of the defendant in the attachment proceeding. If there be malice and want of probable cause the defendant may also recover punitive damages. This rule of damages applies whether the suit be upon the bond or an action on the case outside the bond.

Motion for New Trial.

Stewart, Gwynne & Co. sued out an attachment in the state court against one Hall, against whom they had a judgment, and levied it on a stock of goods belonging to C. E. Jerman, alleging that the goods belonged to Hall, and were fraudulently concealed in Jerman's name from the creditors. Jerman answered the attachment bill, denying the fraud and claiming the goods as his own, and on the trial the suit was decided in his favor and the bill dismissed. Thereupon, Jerman brought suit in this court for damages, and has obtained a verdict in his favor for $400. The defendants move for a new trial.

*William M. Randolph,* for plaintiff.

*Myers & Sneed,* for defendants.

HAMMOND, D. J. The exception taken to the charge of the court in this case is that the jury were told the plaintiff was entitled to recover his actual damages at all events, the question of probable cause being confined solely to the consideration of the demand for punitive damages. This charge was given after mature deliberation and a very careful consideration of the authorities, and upon a review of the subject I am now satisfied it was correct. It must, I think, be conceded that the element of probable cause applies as well to the actual as the exemplary damages in suits for malicious prosecution of a civil as well as a criminal action. The reason of the rule is well understood, a brief statement of it being that—the law protects and indeed encourages a resort to the process of the courts to redress grievances rather than to any other mode, and if one does so resort without malice and with probable cause he shall not be mulcted in

damages, either actual or punitive, if from mistaken judgment or other cause he fails in his action. But this must be understood as applying to ordinary actions, or such extraordinary ones as are given to the suitor unconditionally. Whenever a statute grants an extraordinary and it may be harsh remedy, the legislature may attach such conditions as it pleases, and if one resorts to that action he accepts those conditions. It seems to me a wise provision of our statute that gives an attachment writ only on condition that the plaintiff shall pay to the defendant whatever actual damages he sustains if the former fails in his action, and such punitive damages as the jury may assess, if with malice and without probable cause he sues out the writ. The judgment of the court in favor of the defendant is conclusive evidence of his right to actual damages. On the trial this was conceded to be our law by the learned counsel for the defendants, if the suit be upon the *attachment bond;* and while on the argument of this motion that concession was somewhat withdrawn, I think there can be no reasonable doubt of it. But this suit not being upon the bond, the application of the principle is denied.

It is a suit upon the facts of the case, as it may be under our Code, abolishing the technical forms of action. The first count of the declaration is in the ordinary common-law form to recover damages for the prosecution of an action without probable cause, and if that had been the only count, and our statute abolishing forms of action did not render it immaterial, it is possible that the plaintiff would be held to show malice and want of probable cause. But the second count states the simple facts, leaving out all averments of malice and want of probable cause; and such an action may be sustained under our system, if the facts justify a recovery in any form. Tenn. Code, (T. & S.) §§ 2746, 2747, 2896, 2975.

The principle above stated is very familiar, but the defendant contends that the plaintiff had his choice to sue on the bond and to take under it, or to sue at common law outside of it and take what the law gives him and no more,—namely, such damages actual or punitive, or both, as the jury may assess,—if he proves that the prosecution was with malice and without public cause; and that the abolition of forms of action has not affected this result, as it is not a question of pleading, but of right to recover where there was no malice but was probable cause. This is very forcible, and I came very near yielding to it; but on reflection it seemed to me, and does now, that it is only a very plausible fallacy.

When the plaintiff in attachment resorts to that statute he becomes bound by it; he may be bound by the common law as well, but he has no right to the writ unless he is bound by the statute. The object of the bond is to secure that liability to the defendant, but it does not create the liability which arises by the terms of the statute from a failure to prosecute the suit with effect. I put to counsel the case of a plaintiff taking the writ by inadvertence or fraud without giving the bond. Would it in such a case be said that the defendant was deprived of his right under the statute to actual damages, irrespective of malice and probable cause, because no bond was in fact given? I think not, and could not so hold, except under the coercion of authority. The plaintiff should be, on principle, bound without any bond, and outside of it, although his sureties may not be. It is like a cost bond: the plaintiff is bound for the costs without a bond, and no matter what his statutory remedies may be, he is liable in an action of *assumpsit* or debt, not only for common-law costs, but statutory costs as well, unless, of course, the statute restricts his liability, which it does not in this case.

I think the defendant in attachment has three remedies: (1) He may sue on the bond and recover according to its condition; (2) he may sue the *plaintiff* on the facts of the case and recover according to the statute, precisely as if the plaintiff had given a bond; (3) he may sue for malicious prosecution, as at common law, and recover according to the common law, where there has been malice and want of probable cause.

The whole question turns on the proper construction of the statute. It says the condition shall be "that the plaintiff will prosecute the attachment with effect, or, in case of failure, pay the defendant all costs that may be adjudged against him, and also all such damages as he may sustain by the wrongful suing out of the attachment." Tenn. Code, §§ 3471, 4289. Subsequent sections provide for the procedure, and among other things it is enacted that under certain circumstances, where there has been a default, the defendant shall not be heard to traverse the grounds of the attachment, but may "commence an action on the attachment bond, and may recover such damages as he has actually sustained for wrongfully suing out the attachment." Code, § 3530. And the following section provides that "if sued out maliciously, *as well as* wrongfully, the jury may, on the trial of such action, give vindictive damages." Tenn. Code, § 3531. The word "maliciously" here means not only that malevolent intention to

do injury commonly called malice, but also that careless disregard of the rights of others which, without real ill-will, the law implies as malice, and which, *in cases like this, is an implication from want of probable cause.* It it true, this is a provision for a special case, but it is plain that no intention is manifested, and none could reasonably exist for providing for a different measure of damages in that case from others. It is, I think, clearly a legislative construction of the statute as to the measure of damages in all cases, not only under section 3471, but also under section 4289, and generally under all our attachment laws. These sections originated with the Code, and taking the whole legislation on the subject, together with the state of judicial decision at the time, it is quite certain the construction I have given is correct. The Alabama Code, from which ours is so largely derived, and from which the section we are construing was substantially taken, is construed in the same way, and upon the same reasoning I have adopted, in an able opinion by the present eminent chief justice of that state. *Tucker* v. *Adams,* 52 Ala. 254. A Kentucky statute, which was similarly construed, contained a clause that malice need not be alleged or proved, but the intention of our statute to give the actual damages in the same way, regardless of malice or want of probable cause, is quite plainly if not as certainly apparent. *Mitchell* v. *Mattingly,* 1 Metc. (Ky.) 237, 240.

Our own decisions have been in some confusion, but a critical examination of them in the light of the changes made in the law of pleading, before adverted to, and of the legislative construction above mentioned, in the codification of the statutes, will, in my judgment, show that the charge to the jury in this case was correct. In a suit upon the bond there can be no reasonable doubt that the measure of damages is as charged in this case. It is settled that the party is not confined to his remedy on the bond. Now, our statutes say in plain terms that all forms of action are abolished, and that "whenever damages are recoverable the plaintiff may claim and recover, if he shows himself entitled thereto, any rate of damages which he might have heretofore recovered in any form of action for the same cause." Tenn. Code, § 2975. Why should there be one measure of damages in an action on the bond and another in an action on the case, on the same state of facts, when the right is statutory and both actions depend on the same words? If the plaintiff were driven to the *common-law form of action* outside the bond, he must both allege and prove malice and want of probable cause; but he is not so driven.

He may state the facts, and if they show malice and want of probable cause he can recover either under the common law or the statute, it being quite immaterial which; or, if the facts show neither malice nor want of probable cause, he may recover actual damages under the statute, certainly where he is suing after a default, and I see no reason why there should not be the same measure of damages in all other cases. If the plaintiff alleges malice and want of probable cause, it would, under our system of pleading, be disregarded if he could under the statute recover, notwithstanding these allegations were not proved. Whether to obtain punitive damages he could prove these facts without averring them, need not be decided in this case.

The very obligation of the plaintiff is (and this whether he gives a bond or not, for he is not entitled to the writ on any other condition) that "he will prosecute the attachment *with effect*," or "in case of failure" to so prosecute that he will pay, etc., all such damages as the defendant sustains "by the wrongful suing out of the attachment." Here is the legislative definition of "wrongful," which means a failure to prosecute with effect, and we are not authorized in any suit for these statutory damages to import from the common law any element of malice or want of probable cause, for the statute does not require it, and its object is to create a right or remedy, and prescribe its limitations and conditions. It is not dealing with a common-law remedy, nor legislating on a common-law subject. If the statute did not fix these damages, the defendant in attachment could obtain only such as the common law would give him; but such is not his unfortunate condition; he obtains his actual damages at all events, if the plaintiff in this extraordinary and harsh remedy fails to establish the frauds he charges injuriously.

Under the influence of the common law the earlier statutes did not receive this liberal construction, but later they did, by the legislature, if not by the courts, as I have endeavored to show. I shall not take space here to review the decisions critically, but I have read them so, and am content to cite them in support of these views. In *Sloan* v. *McCracken*, 7 Lea. 626, the learned judge says the suit is founded on malice and want of probable cause, but the *decision* was that the plaintiff could not recover because he had not shown a judgment in his favor in the attachment suit. The inference may be that if he had shown that fact he could have recovered, as the writ would have then been shown to have been "wrongfully sued out," because

it had not been prosecuted "with effect." The law may have implied from this failure such malice and want of probable cause as would answer that requirement, as was said in *Spengle* v. *Davy*, 15 Gratt. 394; but whether it did or not there would have been a recovery if the attachment suit had been decided in favor of its defendant. This is as fair an inference from the decision as that proof of malice and want of probable cause *aliunde* the judgment for the defendant would have been required. The case does not decide the question here made either way. In *Littleton* v. *Frank*, 2 Lea. 300, it is said "the attachment issued wrongfully, although on probable cause." The other cases are as follows: *Lucky* v. *Miller*, 8 Yerg. 90; *Smith* v. *Story*, 4 Humph. 168; *Smith* v. *Eakin*, 2 Sneed, 456; *Jennings* v. *Joiner*, 1 Cold. 645; *Ranning* v. *Reeves*, 2 Tenn. Ch. 263; 21 Am. Law Reg. (N. S.) 281.

In the view I have taken of this case adjudications like *Sonneborne* v. *Stewart*, 98 U. S. 187; S. C. 2 Woods, 603; *Evans* v. *Thompson*, 12 Heisk. 534; *Gayoso Gas Co.* v. *Williamson*, 9 Heisk. 314; *Raulston* v. *Jackson*, 1 Sneed, 126; *Pharis* v. *Lambert*, Id. 227; *Kendrick* v. *Cypert*, 10 Humph. 290; and *Hall* v. *Hawkins*, 5 Humph. 355, which have been so much pressed by counsel for defendants, have no application to a case like this.

I am of opinion that there was no error in the charge, and a new trial is refused. Motion overruled.