THE CHICAGO WEST DIVISION RAILWAY COMPANY

*v.*

MARY L. LAMBERT

*Filed at Ottawa January 25, 1887.*

1. PRACTICE—*obviating objection to testimony—necessity of so doing, in order that the party may protect his interests.* A party can not have a judgment reversed on account of an objection to testimony which he might have removed by the introduction of other evidence, but failed to do.

2. So where the plaintiff in an action to recover damages for personal injury alleged to have been occasioned by the negligence of the defendant, had proved that the profits of his business, which he was disabled from attending to, were $100 a month, including charges for certain medical services, which medical charges were excluded on defendant's motion, it was *held*, if this left

it uncertain as to the profits exclusive of the medical charges, the defendant should not be heard to complain on that ground, when he might have obviated the objection by proof, but did not.

3. EVIDENCE—*relevancy—physical condition of medical witness, as giving value to his opinion as an expert.* In an action for a personal injury, in which it was claimed that the left side of the plaintiff was paralyzed, he called a physician, who testified that he, himself, was paralyzed on the left side, in his arm and leg, and had no practical use of them: *Held*, that while the paralysis of the witness was not an issue, the testimony was relevant, as tending to show that the witness had given the subject special study, and thus giving greater value to his opinions as an expert.

4. INSTRUCTION—*should be restricted to matters involved.* On the trial of an action for a personal injury to the plaintiff, the defendant asked an instruction, to the effect that if the jury believed, from the evidence, that the evidence on the part of the defendant was equally balanced with the evidence of the plaintiff, or preponderated in favor of the defendant, they should find for the defendant: *Held*, properly refused, for the reason it was not restricted to matters essential to the right to recover.

5. SAME—*whether modification is not too broad.* On the trial of an action based on alleged negligence of the defendant, he asked the court to instruct, generally, that if the evidence of the parties was equally balanced, to find for the defendant. The court modified the same by making it read, that if the evidence on the question of negligence was equally balanced, etc. It was objected that the instruction was improperly restricted to the question of negligence, and did not embrace the question of the injury of the plaintiff: *Held*, that the modification was proper, as the instruction was directed to the right to recover at all, and not to the extent of the recovery.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county.

Messrs. WM. H. & J. H. MOORE, for the appellant.

Messrs. BRANDT & HOFFMAN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a judgment of the circuit court of Cook county, in favor of the appellee, against the appellant. The cause of action set out in the declaration is, that the defendant railway company was operating a street railroad

in the city of Chicago, and while the plaintiff was in the act of alighting from one of the company's cars, the car was negligently started suddenly forward, whereby plaintiff was thrown heavily to the ground, and received the injury complained of.

As respects the questions of fact arising under a conflict of evidence, the responsibility of their determination is with the courts below, and we have but to deal with questions of law. But few of the latter are presented upon this record, and they of no serious character.

The plaintiff testified, on the trial, that she was a midwife, and kept a private lying-in hospital in Chicago; that her patients used to pay her from $7 to $10 per week for board; that her profits were about $100 per month; that she delivered her patients, and took care of them during confinement, without the aid of any doctor. The defendant moved to strike out all plaintiff's testimony as to the value of her services as a midwife, as to the amount she earned as a nurse, and the amount she received for board. The court sustained the motion as to any fees or charges as a midwife, on the ground, it would seem, of objection made that plaintiff had not been licensed, and had not practiced midwifery in the State ten years before July 1, 1877, and overruled the motion in the other respects. This part denial of defendant's motion is claimed to be erroneous, because the testimony as to plaintiff's earnings as a nurse and boarding house keeper was not separated from that as to the value of her services as a midwife, and there was no way for the jury to determine the amount with respect to each. Any uncertainty in this regard it was in the defendant's power to have had removed by the introduction of testimony, and not having availed of that opportunity, we do not think it should be heard now to complain; and as respects the amount received for board, there was separate testimony as to that.

The witness Dr. Thomas D. Fitch, a physician of thirty years' standing, introduced by the plaintiff, testified: "I am

17—119 ILL.

paralyzed on the left side—my arm and leg; have no practical use of them, but I can move the leg along." The refusal of defendant's motion to ·strike out the above evidence is assigned for error. It was a controverted question whether or not the plaintiff was paralyzed in her left leg and arm. It is true that the witness' paralysis was not within the issue, and yet it was not a wholly unimportant fact. It tended to add strength to the witness' testimony as an expert, in being calculated to excite in him a peculiar interest, and lead him to give special study to that subject of inquiry. We see no just ground of complaint on defendant's part in not excluding this evidence.

It is insisted, lastly, that the court erred in refusing to give to the jury the following instruction, asked by the defendant, as originally written, without the words italicised therein, and in writing the words italicised therein, and in giving said instruction as so modified, viz :

"If the jury believe, from the evidence, that the evidence *on the question of negligence* on the part of the defendant railway company is equally balanced with the evidence *on that question* on the part of the plaintiff, Mrs. Lambert, or preponderates in favor of the defendant railway company, then the jury are instructed that the law requires them, and it is their duty, to return their verdict for the defendant."

As asked, the instruction was defective, and properly refused, in its not being restricted to something which was essential to the maintenance of the action. There was much of conflicting evidence on points not thus essential, and the instruction as asked might mislead the jury to think they should find for the defendant if the evidence was in equipoise, or preponderated in favor of the defendant on some point which was not essential to a recovery. It is objected to the modification made by the court, that it limited the instruction to the question of negligence, and did not extend it to the question of injury. There was no doubt that some injury

was received.   The conflict of evidence on this point was as to the extent of the injury, which would go, not to the right of recovery asserted by the instruction, but only to the amount of recovery.  The controversy in this respect, as touching the right of action, was, whether the injury came from a negligent management of defendant's car, and the instruction, as modified, substantially covered the whole question in this regard, and was not erroneous.

We find no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*