[No. 13998.  Department One.  October 6, 1917.]

THE STATE OF WASHINGTON, *Appellant*, v. FRANK R.
BUCKLEY *et al.*, *Respondents.*[1]

EVIDENCE—VALUE—PRICE LIST—SUFFICIENCY.  In an action to re-
cover the value of military equipment turned over to an officer and
not returned or accounted for, a governmental schedule showing the
price of the missing articles, published long subsequent to their
delivery, is not sufficient evidence of the value.

APPEAL—REVIEW—HARMLESS ERROR — NOMINAL DAMAGES.  Error
cannot be predicated on failure to take the verdict of a jury on the
question of nominal damages, where the verdict does not determine
some property or personal right having value itself.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered August 24, 1916, upon grant-
ing a nonsuit, dismissing an action for conversion.  Affirmed.

*The Attorney General* and *Howard Waterman, Assistant,*
for appellant.

*Elias A. Wright, Sam A. Wright, Henry S. Noon,* and
*George McKay,* for respondents.

WEBSTER, J.—This is an action instituted by the state of
Washington to recover from Frank R. Buckley, formerly a
captain in the National Guard of this state, and from Pa-
cific Coast Casualty Company as his surety, the sum of
$666.04, the alleged value of certain military equipment
claimed to have been delivered to defendant Buckley as a
commanding officer in the state militia, and never accounted
for by him.

It is alleged in the complaint that the state furnished to
Captain Buckley, as commanding officer of Company D of
the National Guard, a quantity of military equipment and
supplies belonging to the United States for which the state
of Washington was trustee, and that, on resigning his office

[1]Reported in 167 Pac. 1087.

and retiring from the service, he failed to account for a portion of this property. By way of defense to the action, Captain Buckley denied the material allegations of the complaint, and affirmatively pleaded that he had demanded the appointment of a board of survey to inquire into the matter of the alleged shortage, and that his demand had been arbitrarily refused by the adjutant general. By reply, the state denied any arbitrary action on the part of the adjutant general, and alleged that the matter of the defendant's failure to account for the equipment had been referred to a special surveying officer, who had repeatedly, but without success, demanded of Captain Buckley an accounting for the property.

The trial was had before the court sitting with a jury. The state placed Captain Buckley on the stand as a witness in its behalf, and he admitted a failure to account for certain of the items set forth in the bill of particulars. The state then put in evidence, over defendant's objection, a government publication entitled "Price List of Small Arms and Hand Arms, Ammunition, Personal Equipments of the Soldier, Horse Equipment, Officer's Equipment and Miscellaneous Articles for Use of Troop, Battery and Company Organizations," as proof of the value of the missing articles, and rested its case. Defendants moved for a nonsuit, which was granted by the court upon two grounds: (1) That the evidence offered by the state as to the value of the missing articles was not sufficient to warrant a verdict in its favor; and (2) that it was necessary for the state to establish, as a part of its case in chief, that a board of survey had been appointed by the adjutant general to examine into the facts of the alleged shortage and to receive such evidence as the commanding officer might be able to submit tending to relieve him from responsibility for the property which had disappeared. Judgment of nonsuit was accordingly entered and the action dismissed. The state appeals.

In view of our conclusion upon the first ground upon which the judgment of the lower court was rested, it will not be necessary to consider the second. The record discloses that Captain Buckley retired as captain of Company D on February 6, 1913; that all of the property in question had been delivered to him long prior to that time, and that the government price list which was introduced in evidence had been revised on February 1, 1913, and subsequently reissued. In commenting on this aspect of the case, the learned trial court said:

"Now further in this case, even if it should appear that the surveying officer had been appointed and that the commanding officer had not furnished the form of proof required by the regulations, there would be nothing before the jury under the evidence except the fact that certain specified equipment was received by him for which no account has been given; and unless from the evidence the jury could determine the value of that property, why, of course, no verdict for any specified sum could be returned. Now, as I have said, the only evidence as to the value of this property submitted to this court is the scheduled price of such supplies received by this defendant as shown by a government publication issued in the year 1913. While it may be that this government schedule might control as to the price to be charged against the commanding officer for missing articles furnished to him while this schedule was in operation, it does not follow that that price is to be charged against him for military equipment which was furnished him before the schedule went into operation and effect. It may have been that the price for the equipment turned over to him under the schedule existing at the time of the delivery was different from the price as fixed by the schedule of a later year, and I cannot assume that the schedule price, even if that is to be held as controlling in the decision of the case for the year for which the goods were received by the defendant, was the same schedule price for the year 1913, during which year he never received any supplies whatever."

These observations leave little or nothing to be said upon the question, and seem to demonstrate beyond cavil the cor-

rectness of the action of the lower court in granting the non-suit and dismissing the action.

It is suggested, however, by counsel for appellant that the evidence justified a verdict for nominal damages at all events, and that the court erred in granting a nonsuit and dismissing the action in its entirety. This contention is without merit. The question was not raised in the lower court, and, moreover, it is only in cases where the verdict of the jury will determine some property or personal right, having value itself as a right, that a case will be reversed for failure to take the verdict of the jury on the question of nominal damages. *Woodhouse v. Powles*, 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783; *Casassa v. Seattle*, 75 Wash. 367, 134 Pac. 1080; *Hewson v. Peterman Mfg. Co.*, 76 Wash. 600, 136 Pac. 1158, Ann. Cas. 1915D 346, 51 L. R. A. (N. S.) 398.

Affirmed.

ELLIS, C. J., CHADWICK, MAIN, and MORRIS, JJ., concur.