## LEE v. DUNBAR et al.
### No. 164.

Municipal Court of Appeals for the
District of Columbia.
April 14, 1944.

Arthur L. Willcher, of Washington, D. C. (Simon, Koenigsberger & Young, of Washington, D. C., on the brief), for appellant.

James F. Bird, of Washington, D. C. (H. G. Warburton, of Washington, D. C., on the brief), for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant sued for damages for the alleged unlawful seizure of his motor dump truck on a writ of fieri facias. The writ issued in a former suit between the parties to enforce the payment of a money judgment obtained therein against appellant, which was then unsatisfied. The truck was detained by the United States Marshal for five days. Its return was then ordered by the court, which decided that it was exempt from seizure and sale under our statute. Code 1940, § 15—401.

The complaint was in two counts. One charged that the seizure was wrongful and willful; the other that it was willful and malicious. Assuming that this sufficiently charged that defendant had acted maliciously and without probable cause, no pertinent evidence was offered to prove either malice or lack of probable cause, unless we so interpret the statement that, at the time of the levy, appellant's counsel notified appellees' counsel and the deputy marshal that appellant claimed the truck was exempt.

The trial court, in entering judgment for appellees, held that the prior judgment for return of the truck was not res judicata, and decided:

"The question of exemption with respect to automobiles has never been passed upon in this jurisdiction, no specific exemption being set out in the D.C.Code, consequently, I believe there was no abuse of legal process or wrongful attachment."

■ We hold that a plaintiff, to recover compensatory or punitive damages, in an action against the attaching creditor in such a case, must show malice and want of probable cause.

In Perez v. Fernandez, 202 U.S. 80, 26 S.Ct. 561, 565, 50 L.Ed. 942, a suit for damages for the unlawful levy of an attachment, Mr. Justice Day, delivering the majority opinion, said that at common law, the action "is substantially one for malicious prosecution, and can be maintained only upon proof of malice and want of probable cause."

While the rule so stated has not been recognized in a few jurisdictions in actions for compensatory damages,[1] it is supported by the overwhelming majority of courts and text writers.[2]

It was followed in Moses & Sons v. Lockwood, 54 App.D.C. 115, 295 F. 936, 33 A.L.R. 1467, although there, as here, the pleader had charged malice and want of probable cause, and this was apparently a controlling factor in the decision.

In some cases courts have made a technical distinction between the wrongful suing out of an attachment and the wrongful levy of an execution, holding that malice, rather than lack of reasonable cause, is the essential issue in the latter. The question is discussed in the title "Abuse of Process", Sections 8 and 15, Vol. 1, Am. Jur. We think it is fully answered in cases cited in the preceding footnote. Nor does the question involved here extend to actions of trespass against the levying officer for an excess of authority, or to a statutory liability imposed as a condition of resort to the particular remedy, as in attachment cases where a bond for the payment of actual damages is required.

■ The real issues here were (1) whether the evidence showed malice, and (2) whether appellee had probable cause to levy execution on the truck, although notified that appellant claimed that it was exempt. That the court had quashed the levy, deciding that the truck was exempt, was not res judicata of the existence of malice or want of probable cause, nor was it competent evidence for the plaintiff on these issues. Stewart v. Sonneborn, supra, note 2.

■■ Where the facts are not disputed, "what will amount to * * * probable cause in any case is a question of law for the court." Mark v. Rich, 43 App.D.C. 182.[3] It may result from a reasonable belief in facts which prove to be unfounded, or from an interpretation of statute which,

1 Talbott v. Great Western Plaster Co., 151 Mo.App. 538, 132 S.W. 15; Id., 167 Mo.App. 542, 152 S.W. 377; McLaughlin v. Davis, 14 Kan. 168.

2 "It will certainly be an evil day when any person, who, honestly supposing himself, under the facts as he understands them, to be entitled to a remedy provided by law, shall, though acting in good faith in pursuing such remedy, lay himself open to a liability other than that which express statute may impose upon him as the price of availing himself of such remedy". Slaughter v. Nolan, 41 S.D. 134, 169 N. W. 232.

See also Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116; Jerman v. Stewart, Gwynne & Co., C.C.W.D.Tenn., 12 F. 266; Wm. R. Moore Dry Goods Co. v. Mann, 171 Ark. 350, 284 S.W. 42; Nix v. Goodhile, 95 Iowa 282, 63 N.W. 701, 58 Am.St.Rep. 434; Bartlett v. Christhilf, 69 Md. 219, 14 A. 518; Malone v. Belcher, 216 Mass. 209, 103 N.E. 637, 49 L.R.A.,N.S., 753, Ann.Cas.1915A, 830; Tyler v. Mahoney, 166 N.C. 509, 82 S.E. 870; Glidewell v. Murray-Lacy & Co., 124 Va. 563, 98 S.E. 665, 4 A.L.R. 225.

3 Stewart v. Sonneborn, supra; Chapman v. Anderson, 55 App.D.C. 165, 3 F. 2d 336; Remington Typewriter Co. v. Nolan, 3 Cir., 250 F. 685; Buchanan v. Iowa State Live Stock Insurance Co., 108 Kan. 520, 196 P. 249.

although rejected, was not unreasonable.[4] Here the facts were undisputed. The question is whether appellee was warranted in construing the exemption statute as inapplicable to a motor dump truck. The statute exempts "tools and implements of the debtor's trade or business."[5] It exempts "one horse, mule, or yoke of oxen; one cart, wagon, or dray, and harness for such team."[6] Whether this language comprehends a motor vehicle has not been authoritatively decided by our courts; like outmoded provisions have been the subject of conflicting decisions by the highest courts of many states.[7] There is substantial authority for the view that motor vehicles are not exempt, and the only federal case we have discovered in which the question was decided in the absence of local decision to be followed, In re McEuen, supra, note 7, denied the claim of exemption.

▮ The question whether a motor vehicle is an "implement" or a "cart, wagon, or dray" under our existing law would be more advantageously settled, with other antiquated provisions of our statute, by the adoption of a modern exemption law.[8] We are not called upon to decide it now.

We need merely determine whether there was lack of probable cause, or malice implied from lack of probable cause, since no express malice was shown, in levying upon appellant's truck. In view of the state of the law, and the fact that appellee's interpretation, if incorrect, was not unreasonable, it is obvious that probable cause existed.

▮ In any event, on the evidence before us, nominal damages only could be allowed and the failure to award such damages under the circumstances here present is not a ground for reversal.[9] Without proof of malice the claims for punitive damages[10] and for mental suffering and humiliation[11] were not maintainable. The only evidence of actual damage was the loss of use of the truck in appellant's business during the five-day period. The judgment had remained unpaid for more than thirty days, it had been so certified to the Commissioners of the District of Columbia, and appellant's operator's permit and the registration certificate of the truck had been suspended.[12] Operation of the truck by appellant or by any other person during the five-day period

---

[4] In Whipple v. Gorsuch, 82 Ark. 252, 101 S.W. 735, 737, 10 L.R.A.,N.S., 1133, 12 Ann.Cas. 38, the court said:

"A well-founded doubt as to the law may constitute probable cause which would justify a prosecution the same as doubt concerning the facts, if such doubt induces in the mind an honest belief that there are legal grounds for the prosecution."

[5] Code 1940, 15—401(5).

[6] Code 1940, 15—401(7).

[7] In the following cases motor vehicles were held not exempt within the meaning of the statutory language indicated:

"Cart, wagon or dray"—In re McEuen, D.C., 19 F.Supp. 924; In re Wilder, D.C., 221 F. 476; Whitney v. Welnitz, 153 Minn. 162, 190 N.W. 57, 28 A.L.R. 68; Crown Laundry & Cleaning Co. v. Cameron, 39 Cal.App. 617, 179 P. 525.

"Two horses or mules, one ox cart, a wagon, and harness"—Prater v. Reichman, 135 Tenn. 485, 187 S.W. 305.

"Tool or implement"—Eastern Mfg. Co. v. Thomas, 82 S.C. 509, 64 S.E. 401.

"Tool or apparatus"—First State Bank v. Pulliam, 112 Okl. 22, 239 P. 595.

In the following cases a contrary conclusion was reached:

"Wagon, cart or dray"—Foster v. Foster, 144 Kan. 528, 61 P.2d 1350.

"Tool or implement"—Dowd v. Heuson, 122 Kan. 278, 252 P. 260, 52 A.L.R. 823.

"Implement"—Pellish Bros. v. Cooper, 47 Wyo. 480, 38 P.2d 607.

See also Berry on Automobiles, 7th Ed., Sec. 2.33; Huddy on Automobiles, Sec. 8-13.

[8] Kresge Department Stores, Inc., v. Bostic, 1940, 69 W.L.R. 101.

[9] Smith v. Parker, 148 Ind. 127, 45 N. E. 770; New York, Chicago & St. Louis R. Co. v. Rhodes, 171 Ind. 521, 86 N.E. 840, 24 L.R.A.,N.S., 1225; Singer Mfg. Co. v. Potts, 59 Minn. 240, 61 N.W. 23; Mortimer v. Otto, 206 N.Y. 89, 99 N.E. 189, Ann.Cas.1914A, 1121; Hewson v. Peterman Mfg. Co., 76 Wash. 600, 136 P. 1158, 51 L.R.A.,N.S., 398, Ann.Cas.1915D, 346; Checkley v. Illinois Cent. R. Co., 257 Ill. 491, 100 N.E. 942, 44 L.R.A.,N. S., 1127, Ann.Cas.1914A, 1202.

[10] Ballard v. Spruill, 64 App.D.C. 60, 74 F.2d 464; 5 Am.Jur. "Attachment" Sec. 1006, p. 206; Annotation, 125 A.L.R. 1225; Annotation, 29 L.R.A.,N.S., 277.

[11] B. F. Goodrich Co. v. Hughes, 239 Ala. 373, 194 So. 842; Michels v. Crouch, Tex.Civ.App., 122 S.W.2d 211; Chappell v. Ellis, 123 N.C. 259, 31 S.E. 709, 68 Am. St.Rep. 822; Crawford v. Doggett, 82 Tex. 139, 17 S.W. 929, 27 Am.St.Rep. 859; Richmond v. Wright, 151 Va. 964, 145 S.E. 732; Morris v. Williford, Tex. Civ.App., 70 S.W. 228; 15 Am.Jur., "Damages", Sec. 181.

[12] Code 1940, 40—403, 40—408.

would have constituted a criminal offense.[13] Under these circumstances recovery would be limited to nominal damages, if any.[14]

Affirmed.

CAYTON, Associate Judge (dissenting).

There were two contests between these parties involving the same subject matter. They were heard by different judges. The first was on defendant's motion in an earlier case to declare the truck exempt; the second before the trial judge in this case on defendant's suit for wrongful attachment.

The first decision, rendered after a hearing on the merits, held the truck to be exempt. It decided the issue, became a finality and was appealable. Barrett v. Commercial Credit Co., 54 App.D.C. 249, 296 F. 996. But no appeal was taken.

In this case the trial judge decided adversely to plaintiff on two grounds: (1) that because the applicability of the exemption statute to automobiles had never been decided in this jurisdiction there was no abuse of legal process or wrongful attachment, and (2) that because the ruling in the earlier case was thought to be erroneous it was not binding. This was plainly error. It was violative of the rule many times announced in courts throughout the land that an issue once determined between the parties becomes the adjudicated law as between them and may not be collaterally attacked. In a very recent case[1] we called attention to the rule that "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, * * * cannot be disputed in a subsequent suit between the same parties or their privies * * *." Hines v. Welch, 57 App.D.C. 371, 376, 23 F.2d 979, quoting from Southern Pac. R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355. See also Smith v. Law, 56 App.D.C. 86, 10 F.2d 651; Geracy, Inc., v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185; Mergardt v. Colonial-American Nat. Bank, App.D.C., 140 F.2d 701.

Even if the judge in the second case thought the first ruling erroneous, it was still binding. See Clegg v. United States, 10 Cir., 112 F.2d 886, where it was held that though the judgment was erroneous, and the court was mistaken as to the facts, or misconceived the law or disregarded public policy, it was still decisive of the controversy, and must be followed. See also Elder v. Frevert, 18 Nev. 446, 5 P. 69; involving this specific question, where it was held that a decision in a former case, holding property exempt, was conclusive upon that issue, in a later proceeding between the same parties.

The judgment here under review was erroneous because it was based upon a fundamental misapplication of the res judicata rule. It seems to me that we should so declare instead of predicating our decision on a theory which was seemingly not presented, considered, or decided in the trial court, and was not argued before us, —plaintiff's alleged failure to prove want of probable cause.

As to this, I question whether "probable cause" was a necessary element of the case, except as it might bear indirectly on the question of damages. The common law forms of action having been abolished, this was simply an action for damages. Ross v. Hawthorne, 55 Miss. 551. Moreover, it could be much more accurately classified as an action for malicious trespass, whatever formal label be affixed to it. Thus the plaintiff was not required to meet the more elaborate tests that apply in the formal malicious prosecution type of action. He was required to prove only the wrongful seizure. To require more of him is to create a greater burden than the law or fair play warrants.

Moreover, I think he did prove want of probable cause, and prove it clearly. The uncontradicted evidence, according to the agreed statement, was that the attaching creditor was warned in advance that the property was exempt, and that he ignored the warning and proceeded with the levy. Even if it can be said that his guess, though wrong, was innocent, he was liable

[13] Code 1940, 40—206, 40—302(d).

[14] Auger & Simon Silk Dyeing Co. v. East Jersey Water Co., 88 N.J.L. 273, 96 A. 60, L.R.A. 1917F, 1146; Sherman v. Fall River Iron Works Co., 5 Allen, Mass., 213; Kane v. Johnston, 22 N.Y. Super.Ct. 154, 9 Bosw. 154; Chicago W. D. R. Co. v. Lambert, 119 Ill. 255, 10 N.

E. 219; Kauffman v. Babcock, 67 Tex. 241, 2 S.W. 878; Young v. Stevenson, 75 Ark. 181, 86 S.W. 1000.

[1] Scholl v. Tibbs, D.C.Mun.App., 36 A. 2d 352, 353. See also Jemison v. Metropolitan Life Ins. Co., D.C.Mun.App., 32 A.2d 704, and Smith & Gottlieb, Inc., v. Cheatham, D.C.Mun.App., 31 A.2d 676.

at the very least for nominal damages. He was liable, too, for such compensatory damages as plaintiff could prove. And if malice, wantonness, or oppression were fairly deducible from his conduct, he was liable also for punitive damages. To absolve him completely is to destroy the remedy of this and other judgment-defendants whose property is wrongfully appropriated.

It is said that his only possible recovery would have been for nominal damages, and therefore affirmance must follow. But not one of the cases cited in the majority opinion (footnote 9) deals with wrongful seizure of property. On the other hand there is respectable and well-reasoned authority holding that though only nominal damages might result, an erroneous decision should be reversed, especially when it carries costs, as this judgment did, and resulted in prejudicing a substantial right. State v. Dickmann, 146 Mo.App. 396, 124 S.W. 29; Bass v. Starnes, 108 Ark. 357, 158 S.W. 136; Braun v. Peet, 97 Neb. 443, 150 N.W. 256; Sarg v. Sugg, 186 Okl. 37, 96 P.2d 15, 125 A.L.R. 1217; Myers v. Sunlight Laundry, 10 Ohio App. 275; Reinkey v. Findley Electric Co., 147 Minn. 161, 180 N.W. 236; State v. Buckley, 98 Wash. 379, 167 P. 1087; Harmony Ditch Co. v. Sweeney, 31 Wyo. 1, 222 P. 577; Callanan v. Keenan, 224 N.Y. 503, 121 N.E. 376.

It is utterly fallacious to urge the de minimis theory here. This situation is far from trifling to this plaintiff, whose property has been seized without warrant in law, and despite his formal warning that it was exempt. If the law disdains to right the wrong, the law is callous indeed.

But, says the majority, he could not drive the truck anyway and was therefore entitled to nothing for its seizure. With this view I differ sharply. The truck was his, and his right of possession was deliberately invaded. It that meaningless? Is his credit standing worth nothing? Is the resultant humiliation a mere trifle? Not if we give effect to the ruling in Clark v. Associated Retail Credit Men, 70 App. D.C. 183, 105 F.2d 62, 64. There no property had been seized at all; indeed a suit had not even been filed. The charge was based upon letters and mere threats of action. Because defendant's conduct was deliberate and intentional, the Court held him liable. Much more deserving is this situation, because it is much more drastic.

I quite agree with my colleagues that our exemption laws need revising. In the Bostic case, 69 W.L.R. 101, which was before me when I was a member of the trial court, I called attention to the pressing need of new exemption laws to meet the needs of present day life in this metropolitan community. An exemption law which makes careful provision for swine, oxen, sheep and drays, but ignores automobiles, certainly needs to be brought up to date. A law which gives no protection to the many thousands who work in the District but are forced to seek housing in nearby Maryland and Virginia, obviously needs to be amended.

But I do not agree that while we are waiting for Congress to act the courts must sit supinely by, and protest our helplessness to construe the existing statute so as to relieve against oppression. We as judges cannot change the statute. "But," as the Court said in the Clark case, supra, "if we are in one of the 'open spaces' in the law of this jurisdiction we must fill it as well as we can, with a view to the social interests which seem to be involved and with such aid as we can get from authorities elsewhere and from 'logic, and history, and custom, and utility, and the accepted standards of right conduct.' We cannot evade this duty; for unless we establish a right in the plaintiff we establish a privilege or immunity in the defendant."

It is against the unwarranted immunity created by the decision of the majority that I protest.