Nash, J.
 

 We agree with his Hokob below that the plaintiff could not recover on the first count in his declaration. To maintain an action of trover, the plaintiff must shew, that, at the time of the conversion, b.e had either an absolute or special property in the goods, and that he had either the actual possession or was entitled to immediate possession. He must then go a step further, and shew that the defendant has wrongfully converted the property to his own use. Here an execution, legal in all its forms, had been issued by a single magistrate against the property of William Stanly and the plaintiff, had come to the hands of the defendant and been by him levied on the property in question. The defendant, then, acting under the mandate of the law, cannot be said to have wrongfully converted the property of the plaintiff.
 
 Weaver
 
 v
 
 Cryer & al.
 
 1 Dev. 337.
 

 Upon the second count, the jury were instructed, that the plaintiff was entitled to a verdict — that he was but a surety and entitled to the benefit of the act passed for the protection of sureties — that, by that act, the property of the surety cannot be taken or sold, until that of the principal is exhausted. We do not feel ourselves called on in this case to decide, whether a person, who becomes a surety on the stay of execution, is within the provisions' of the 131st and 132d. sections of the 31st. chap, of the Revised Statutes; because we think that, if such surety is within its provisions the plaintiff in this case has not taken the necessary steps to avail himself of it. The act was- passed for the benefit of sureties— they may avail themselves of its provisions or not,- as they think proper. In every contract for the payment of money, the parties, who sign the instrument, are, as to the individuals possessed of the interest in the contract,- principals, each, bound to pay the whole, when by its terms the money is due, and each liable to be sued by himself,- if the money is not paid: and in such a case he cannot avail himself of those sections in the 31st Chapter.
 
 Davis
 
 v
 
 Sanderlin,
 
 1 Ired.
 
 *272
 
 3 89. The act requires, that, when the case is tried by a WWj they must discriminate in their verdict between the principal and the surety ; but, if it is not brought to their notice, they cannot render their verdict according to the act. It is in the power of the surety to shew by evidence, that he does stand in that relation; if he does not, he loses the benefit intended for him, and it will be too late, when an execution is about to be levied or a sale of his property to be made, to allege he is not the principal, and demand of the Sheriff to look after the property of him for whom he is bound. In like manner, when a justice gives a judgment against a principal debtor and his surety, it is his duty to discriminate between them, and the justice issuing
 
 the
 
 execution shall endorse this discrimination on the execution. When an indi- ’ vidual stays an execution before a magistrate, the acknowledgment of the surety, entered by the magistrate and signed by the party, binds the latter and is
 
 quasi
 
 a judgment, upon which, if -not paid when the stay is out, any jusstice, having possession of the papers, may issue execution against
 
 the
 
 principal and surety. Rev, Stat. ch. 62, sec. 11. Upon the ■ rendition then of such a
 
 quasi
 
 judgment,
 
 it is the duty of the
 
 ■magistrate granting it,at the request of the surety, to indorse on it that he is but
 
 the
 
 surety, and that
 
 he
 
 craves the benefit of the act. In this case there is no such endorsement on the •judgment or execution ; and the defendant was not bound, to look further than his execution. That commanded him to make the money out of both the. parties defendants in the execution, and he was at liberty to make it out of either.
 
 Eason
 
 v
 
 Pelway,
 
 1 Dev. & Bat. 44.
 

 We think, therefore, there is error in this part of the judge’s charge, and that there must be a new trial.
 

 Per Curiam, New trial awarded.