## RILEY and Another *v.* BUTLER.

ASSIGNMENT OF ERROR.—*Sufficiency of Complaint.*—*Jurisdiction.*—The want of sufficient facts in a complaint to constitute a cause of action, or the fact that the complaint shows the court had no jurisdiction over the subject-matter of the action, may be assigned as error in the Supreme Court, although no demurrer was interposed in the lower court.

SAME.—*New Trial.*—A cause for a new trial not presented in the court below cannot be considered in the Supreme Court.

ESTOPPEL.—*Sunday.*—Admissions which would otherwise operate as an estoppel, if acted upon, are not rendered inoperative because made on Sunday, no contract being then completed.

TRIAL.—*Witnesses.*—Under our practice. the court or jury may find the affirmative of an issue, notwithstanding there may be but one witness on each side, and the evidence be conflicting.

SURETYSHIP.—*Issue.*—Where no pleading raises the question of suretyship, the court need not make an order for the levy of the execution first on the property of the principal.

APPEAL from the Harrison Common Pleas.

DOWNEY, C. J.—Suit by Butler as indorsee of Philip Smith, against Thomas Riley and John H. Riley, on a promissory note. The defendants answered in three paragraphs. The first alleges that the note was executed by Thomas Riley, as principal, and John H. Riley, as security, to the payee, for the last payment of the purchase-money of two certain tracts of land, conveyed by said payee to said Thomas Riley by general warranty deed; that there was a vendor's lien on one of said tracts in favor of one Cline, who had conveyed that tract to Smith, for the sum of six hundred and five dollars and seventy-five cents; that Cline's administrator, in a suit against Smith and said Thomas Riley, had recovered judgment against Smith, establishing said lien against the land to the amount yet due to Smith from Riley; that Thomas Riley had paid on said judgment the sum of three hundred and sixteen dollars, leaving two hundred and forty-six dollars and sixty-six cents of the judgment yet due and unpaid.

The second paragraph, which is an answer and also a

cross complaint, sets up the same facts, and in addition thereto, alleges that said Smith is insolvent, and prays that the plaintiff be enjoined from collecting said note until said incumbrance shall have been removed, and he be repaid the said sum of three hundred and sixteen dollars so paid by him on said judgment, etc.

The third paragraph is a general denial.

The plaintiff replied to the first and second paragraphs: First, a general denial; second, that the said claim of Cline was not, at the time of the execution of said note, a lien on said land, but had been, before that time, paid off by said Smith; third, that before the indorsement to him of the note sued on, he informed the said Thomas Riley that he intended to buy the note and procure the assignment thereof to himself, if he could be assured that the same was a valid obligation against him and his said co-defendants; and that thereupon the said defendant, Thomas Riley, informed the plaintiff that said note was a valid and subsisting obligation against said defendants; that he might buy the same with safety; and that relying on said statements and promise of said defendant, he purchased said note, for a full and valuable consideration, and procured the assignment thereof to himself; wherefore, etc.

There was a trial by the Court, finding for the plaintiff, motion for a new trial overruled, and judgment rendered on the finding.

The first question argued is as to the sufficiency of the complaint. But we do not see that this question is raised by the assignment of errors. It is not assigned that the complaint is not sufficient. If it were, we could consider it; for a substantial defect in the complaint, in showing a want of jurisdiction of the court over the subject-matter of the action, or in failing to state facts sufficient to constitute a cause of action, is not waived by failing to demur. But to raise this question, it must be assigned for error. It is assigned for error that the court improperly overruled the defendant's demurrer to the complaint. But this cannot be, for there

was no demurrer to the complaint. There was a demurrer by the plaintiff to the first and second paragraphs of the answer, which was overruled; but it is not assigned for error that the court did not, on this demurrer, adjudge the complaint insufficient.

The other questions discussed in the brief of appellant's counsel arise under the allegation that the court erred in refusing to grant a new trial. The only reasons given in the written motion for a new trial, why the same should have been granted, were that the finding of the court was not sustained by sufficient evidence, and was contrary to law.

It is urged that the indorsement of the note should have been stamped with a United States internal revenue stamp. But this question cannot be properly presented to us, because it was not made a reason for granting a new trial.

With reference to the evidence in support of the special paragraphs of the answer, counsel for the appellee insists that as Thomas Riley swore that he had no notice of the lien of Cline at the time of his purchase, this shows that Riley could not have been affected by the lien, and therefore his defense, as set up in those paragraphs, was not made out.

We think the learned counsel in assuming this position has overlooked the qualification of that rule which maintains that if the purchaser receive notice of such an equity at any time before the payment of the purchase-money by him, it is in time to charge him with the equity, at least to the extent of the unpaid purchase-money. But the decision of this point against the appellee does not dispose of the case; for admitting that the facts alleged in the first and second paragraphs were made out in evidence, still the second and third paragraphs of the reply were pleaded in avoidance of those paragraphs of the answer, and if they, or one of them, was found true, the plaintiff was entitled to judgment.

Butler and Thomas Riley both testified about the matter of estoppel set up in the third paragraph of the reply. Butler said that Riley told him " that the note was all right; that there was no mortgage or lien against the land; that he

had examined the records and could find nothing against the land; that Smith had told him there was nothing against the land;" and that afterward he purchased the note, relying on their statements, etc. Riley stated that. Butler asked him if the note was all right; he said, "'I reckon it is;' but in a moment or two afterward, and almost in the same breath, he added: 'Well, I owe the money, and it is all right, if there is no mortgage or lien against the land.'" In other respects he agreed with Butler in his testimony on this point. They both agree in stating that the conversation was on Sunday. It is not shown that the note was purchased by Butler on Sunday.

Upon this evidence it is urged by counsel for the appellants, that the fact that this conversation was on Sunday destroys its effect as an estoppel. If so, it is because it was a violation of the Sunday law, which is found on p. 481, 2 G. & H. However much such a conversation was out of place on Sunday, we think it was not a violation of that statute. It was not "common labor;" nor was it shown to be the "usual avocation" of the parties. We do not, therefore, think that the fact that the conversation took place on Sunday, when no contract was then made, could have the effect to prevent the plaintiff from relying upon it as an estoppel.

But it is further contended by counsel for appellants, that as the testimony of Butler and Thomas Riley was contradictory, the court should have found for the defendants, instead of finding for the plaintiff. It is contended that the court should have applied the rule which was formerly applied in proceedings in chancery, when, if the defendant denied any charge in the bill, in his answer, and the plaintiff could only bring one witness to the contrary, the case must be decided, on that point, at least, for the defendant.

We do not think this position can be sustained. We think, under our practice, where parties, or any others, testifying in a cause, make contradictory statements, that the court or jury trying the cause may find the affirmative of the issue,

notwithstanding there may be but one witness on each side, and their evidence be in conflict.

But it is further contended by counsel for the appellants that the court should have made an order for the levy of execution first on the property of Thomas Riley, before the property of John H. Riley should be levied on. We think not. John H. Riley filed no pleading raising the question of suretyship between him and Thomas Riley, as required by sec. 674, p. 308, 2 G. & H. There was no error in this.

The judgment is affirmed, with five per cent. damages and costs.

*S. K. Wolfe*, *J. E. McDonald*, and *E. M. McDonald*, for appellants.

*G. V. Howk*, *W. W. Tuley*, and *T. C. Slaughter*, for appellee.