## H. C. Fox v. T. J. Hudson, *et al.*

1. INJUNCTION BOND; *When Liability Attaches.* An injunction undertaking is given to secure to the party injured the damages he may sustain, if it be finally decided that the injunction ought not to have been granted. A judgment on the merits of the action against the party obtaining a preliminary injunction, is a final decision that the injunction ought not to have been granted; and in such a case a liability arises on the undertaking, whether such injunction was or was not granted in the first instance upon notice and proof, and whether a formal order dissolving the injunction be entered of record, or not.

2. PRINCIPAL AND SURETY; *Agreement of Principal, Anterior to Judgment; Delay of Creditor.* Where a judgment is rendered against principal and surety, in which the relations of principal and surety are properly certified, the surety cannot thereafter obtain an injunction to stay the levy of an execution upon his property, on the ground that prior to the judgment the creditor agreed with the principal, in consideration of the latter's withdrawing his answer, that he would not attempt to collect the judgment from the principal until he had exhausted the surety's property, nor on the ground that the creditor had delayed issuing execution on the judgment until the principal, who had personal property sufficient to satisfy the judgment, had become insolvent.

*Error from Wilson District Court.*

INJUNCTION, brought by *Fox* against *Hudson* and *A. E. Smith*, sheriff, etc. At the February Term 1877, the district court sustained a demurrer to the petition, and thereupon made an order dissolving a temporary injunction theretofore granted. From such order, and decision, *Fox* appeals, and brings the case here.

*Sterry & Sedgwick*, for plaintiff.

*Hudson & Short*, for defendants.

The opinion of the court was delivered by

BREWER, J.: The defendant Hudson commenced an action in the district court of Wilson county against one Dustin, and the plaintiff in error, upon a promissory note, charging Dustin as maker and Fox as indorser, and to foreclose a mortgage given to secure this note. The allegations in Hudson's petition were to the effect, that Dustin had executed the note and mortgage sued upon to Fox, who for a valuable consideration indorsed the note and assigned the mortgage to Hudson. Fox denied under oath the fact of his indorsement of the note, but alleging if he did so indorse the same, it was upon an agreement which released him from all liability. Hudson filed a reply to this answer, taking issue upon it. Dustin filed an answer, admitting the execution of the note and mortgage to Fox, and his transfer of the same to Hudson, but alleged in substance,

Statement of the case.

that prior to such transfer he had paid a large sum of money thereon, of which payment Hudson had knowledge at the time he purchased the mortgage. Hudson took issue upon this answer also. At the time when by the rules of pleading the case was triable, and the cause stood at issue as to all parties ready for trial, Dustin was confined to his bed by sickness, and was about to make application for a continuance of said cause upon that ground. Hudson hearing of this went to him, and agreed with him, without the knowledge or consent of Fox, that if he would withdraw his answer in said cause, and allow a judgment as upon a default, that he, Hudson, after the sale of the mortgaged property, would not attempt to collect the balance that might be due on his judgment from Dustin, until he had exhausted all of Fox's property. Thereupon Dustin withdrew his answer, and allowed Hudson to take judgment against him as upon a default. At the same term of court, the issues in said cause were tried between Hudson and Fox. The court, after taking the matter under advisement until the next term, decided the case adversely to Fox, and rendered a judgment in which, in accordance with the provisions of § 470 of the code of civil procedure, (Gen. Stat., p.720,) the court caused the certificate to be entered, that Dustin was the principal debtor, and Fox the surety. A decree of foreclosure of the mortgage was also entered. The mortgaged property was also sold, but only a portion of the judgment was realized therefrom. At the time of the judgment against him, Dustin had personal property subject to execution more than sufficient to satisfy the judgment, but thereafter became insolvent, and has since died. Afterward execution was issued on the judgment and placed in the hands of the sheriff, who was about to levy on the property of Fox, when the latter, who for the first time learning of the agreement between Hudson and Dustin, brought this action against Hudson and the sheriff, to enjoin the collection of the judgment from him, claiming that as a surety, he was released by this agreement from the payment of said judgment. He gave notice of an application for a

temporary injunction. Such application was made, and upon a hearing of the evidence offered by both parties, the court granted a temporary injunction in said cause. The defendants then filed a demurrer to the petition, which was sustained, and the plaintiff declining to amend his petition, the injunction theretofore issued was on application of defendants dissolved, and judgment entered in their favor for the costs of the action. To reverse this ruling this proceeding has been brought, and two errors are alleged.

I. It is said that the court erred in entering an order dissolving the injunction, after sustaining the demurrer. The idea of counsel seems to be, that as the injunction was granted upon notice and proof, no formal order dissolving it could thereafter be entered, and though it might in fact fall by the dismissal of the case, yet no liability would arise on the injunction bond. We do not at all agree with counsel. The formal order of dissolution of the injunction was proper, though perhaps not necessary. The sureties on the injunction bond are liable, "if it be finally decided that the injunction ought not to have been granted." Code, § 242, Gen. Stat. 675. A judgment adverse to the plaintiff on the merits of the action, is a final decision that the injunction ought not to have been granted; and whether a formal order dissolving it be entered or not, a right of action accrues on the bond.

1. Injunction bond; when liability attaches.

II. It is urged that the court erred in sustaining the demurrer, and that Fox, being but a surety, was in fact discharged from liability by the agreement between the principal debtor and the creditor. In this too we must disagree with counsel. The judgment which was entered contained no such stipulation as is said was entered into; and in it were merged all prior agreements. By it the principal debtor was named, and the law compelled the sheriff to exhaust his property before touching that of the surety. The rights of the surety were fully protected by it beyond the interference of the plaintiff. The mandate of the writ could not be changed at the instance of

2. Principal and surety; agreement of principal.

17—20 KAS.

the plaintiff. The very judgment which the rights of the parties required, was entered; and the only process which could issue thereon was prescribed by the express language of the statute, and was unchangeable by either party. Nothing was in fact done which trespassed upon the rights of the surety. True, it is alleged that execution was not issued until the principal debtor became insolvent; but that was nothing but delay on the part of the creditor, which does not release the surety; and the latter could at once have paid the judgment and been subrogated to the rights of the creditor in the judgment against the principal. The case of *Woolworth v. Brinker*, 11 Ohio St. 593, is strongly in point. In that case, after judgment against principal and surety, the latter sought relief on the ground of an agreement between the creditor and the principal, prior to the judgment, for a stay of execution for sixty days. No such agreement was incorporated into the judgment, which was in the ordinary form, and *prima facie* carried with it all the rights that attach to judgments. Commenting on this alleged prior agreement, the court says: "That the legal effect of a judgment cannot be varied by proof, outside the record, of facts transpiring prior to its rendition, is a proposition too well settled to require the citation of authorities to sustain it. * * * Sound policy, irrespective of the rights of parties, will not permit averments or proof *aliunde* of matters prior to the judgment, to lessen its force, obligation, or effect, especially in collateral proceedings. See remarks of Kent, Chancellor, in 6 Johns. Ch. 235." In that case too, as in this, it appeared that the principal debtor had property which could have been but was not taken in execution; and it was held that the failure to issue execution and seize it, wrought no discharge. The principles thus enunciated, which seem to us entirely sound, are conclusive of this case, and the judgment will be affirmed.

All the Justices concurring.