## HARN v. SECURITY NAT. BANK OF OKLAHOMA CITY.

No.9061—Opinion Filed May 28, 1918.

Rehearing Denied Jan. 21, 1919.

(177 Pac. 598.)

**1. Pleading—Answer — Matters Occurring After Suit.**

In an action to recover possession of a promissory note or its value if the possession thereof cannot be had, an answer, which pleads that since the institution of the suit the note had been delivered by the defendant to the plaintiff and accepted by the plaintiff, contains a valid defense, and a demurrer thereto was properly overruled.

**2. Principal and Surety—Request for Finding.**

Under section 5179, Rev. Laws 1910, in any case where a judgment is rendered by a court of record upon any instrument of writing in which two or more persons are jointly and severally bound, it is the duty of the court, where same is requested. to make a finding as to whether one or more of said persons executed the same as a surety for the other. and it is then the duty of the clerk of the court, when that finding is so made, in recording the judgment thus rendered. to certify which of said defendants is the principal debtor and which are the sureties, and to issue execution in accordance therewith: but if the court is not requested to make such a finding the surety in said action waives the right given him by this statute, and no duty then rests upon the court to make such finding, nor upon the clerk thereof in recording said judgment to certify the same.

**3. Petition—Sufficiency—Note or Value — Petition.**

The petition in this case examined, and held that the demurrer to the causes of ac-

tion set forth therein was properly sustained.

(Syllabus by Hooker, C. )

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Suit by Alice Harn against the Security National Bank of Oklahoma City, Okla. Demurrer to petition sustained as to the first five causes of action, and overruled as to the sixth cause of action, and plaintiff brings error. Affirmed

W. F. Harn. for plaintiff in error.

Embry, Crockett & Johnson, for defendant in error.

Opinion by HOOKER, C. The petition in this case contains six causes of action, and in the first five of which the plaintiff below sought to recover damages alleged to have been caused to her by the reason of the institution of certain suits in the superior and district courts of Oklahoma county instituted by the bank against her and W. F. Harn and John F. Winans upon promissory notes executed by them to said bank

It is claimed in the first cause of action that on the 4th day of September, 1915, she was the owner in fee simple of certain real estate, and that on the 9th day of August, 1913, the bank here instituted a suit in the superior court against her and W. F. Harn and John F. Winans to recover a judgment upon a promissory note which had been signed and delivered by W. F. Harn and John F. Winans, as principals, and Alice Harn, as surety, to said bank, and that on the 4th day of October, 1913, the cause came regularly on for trial and said note was introduced in evidence and on said date a judgment was rendered in favor of the bank and against all the defendants for the amount of said note and attorney fees; that thereafter, on the 23rd day of October, the attorneys for the bank filed in the office of the clerk of the superior court in said county a praecipe for execution directing the clerk to issue an execution against the property of all of said defendants in said action, and that, in compliance with this request. the clerk of said court, on the 23rd day of October, 1913, issued an execution in said action, commanding that of the goods and chattels of said parties, the sheriff of Oklahoma county cause the amount of said judgment to be made, and for the want of goods and chattels said sheriff should cause to be made of the lands and tenements of said debtors, and on or about the 24th day of October, 1913, that the bank submitted to the sheriff of Oklahoma county, in whose hands said execution then was, a list of the property belonging to said parties situated in Oklahoma county and demanded that the sheriff make a levy on all of the property set forth in said list, which included a part of the property of Alice Harn, and on or about the 28th day of October, 1913, the sheriff made a levy of all of the plaintiff's property, and caused the same to be returned, and that the sheriff did not levy upon the property of John F. Winans and W. F. Harn, who were the principals in said note, but at the instance of the bank, as stated, levied the same upon her property, and that the bank refused to exhaust the property of the said John F. Winans and W. F. Harn' that was within the jurisdiction of the court, and in violation of the obligation that they owed to her to exhaust the property of the principals before resorting to that belonging to her as a surety, and to this end they caused an alias execution to issue in said action, and levied upon the property of this plaintiff in error. And thereupon the bank caused the sheriff to advertise said property for sale, and on the 17th day of August, 1915, the bank assigned its judgment to one I. C. Enochs, and on the 4th day of September, 1915, Alice Harn, as surety, to prevent the sale of her property under an execution, was compelled to and did pay said judgment in full.

It is further alleged that at all times herein mentioned the said John F. Winans and W. F. Harn were the owners of valuable goods and chattels and land and other property within the jurisdiction of said court out of which the amount of said judgment could have been realized had the bank acted promptly and with diligence and endeavored to collect the same from the principals in said note, and that by reason of its failure she was compelled to pay the amount of said judgment in order to protect her property, and has been damaged to that extent, for which she asks judgment in the sum of $4,047.83, and a like amount for exemplary damages and for costs and all other relief.

The last four causes of action arose from the same state of facts, but from other notes and judgments.

For the sixth cause of action, it is alleged that John F. Winans and W. F. Harn, on the 29th day of April, 1912, were the owners and holders of a certain promissory note signed by M. for the sum of $305.55, with interest, which on or about the 1st day of June, 1912, they had placed in the possession of the bank as collateral security for certain promissory notes given to said bank

by them as principals and Alice Harn, as surety, and that on the 4th day of October, 1913, judgment was rendered in the superior court of Oklahoma county upon said notes and against said John F. Winans and W. F. Harn as principals and Alice Harn as surety, and that on the 4th day of September, 1915, Alice Harn as surety was compelled to pay said judgment, and was therefore entitled to this note left by them with the bank as collateral security thereto, and in this action she prayed judgment for an order of the court, requiring the bank to deliver to her said note or the value thereof.

A demurrer was filed by the bank to each cause of action, and the same was sustained to the first five and overruled as to the sixth The plaintiff declined to amend, and stood upon her petition, and has appealed here.

The bank thereupon filed an answer to the sixth cause of action, in which it pleaded the delivery of the note sued for by the plaintiff below and the acceptance of said note by the plaintiff, Alice Harn, to which answer she filed a demurrer, and, the same being overruled, she has appealed to this court.

It is apparent that the answer of the bank to the sixth cause of action stated a defense, and, if true, a valid defense to the cause of action set forth in the petition here by virtue of said note.

The plaintiff in her petition prayed for a judgment of the court, requiring the bank to deliver to her this note, or its value. If thereafter said note was delivered and accepted by her, the same was a perfect defense to the cause of action, and the trial court was correct in overruling a demurrer to said answer.

The plaintiff in error bases her right of action upon the five counts of the petition by virtue of section 5179, Rev. Laws 1910, which is as follows:

"In all cases where judgment is rendered in any court of record within this state, upon any instrument of writing in which two or more persons are jointly and severally bound, and it shall be made to appear to the court, by parol or other testimony, that one or more of said persons so bound, signed the same as surety or bail, for his or their codefendant, it shall be the duty of the clerk of said court, in recording the judgment thereon to certify which of the defendants is principal debtor, and which are sureties or bail. And the clerk of the court aforesaid shall issue execution on such judgment, commanding the sheriff or other officer to cause the money to be made of the goods and chattels, lands and tenements, of

the principal debtor; but for want of sufficient property of the principal debtor to make the same, that he cause the same to be made of the goods and chattels, lands and tenements, of the surety or bail. In all cases the property, both personal and real, of the principal debtor, within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail shall be taken in execution."

And it is asserted by her that, when she attached her name to these notes which she alleges were executed by John F. Winans and W. F. Harn, as principals, and with herself as surety to the bank, a contract was created between her and the bank, which imposed upon it obligations as well as upon her, and that when parties enter into a contract they are presumed to have in mind all existing laws pertaining thereto, and that thereby the law imposed upon the bank a positive duty to observe the law in every way bearing upon this contract, and that one of the duties imposed by law upon the bank was to proceed within a reasonable time to make the amount of the judgments out of the property of the principals, and to exhaust all of the property of said principals before resorting to any property belonging to her as surety, and that a failure upon the part of the bank to do this constituted, not only a breach of contract, but a tort, for the violation of which a cause of action for damages would lie as set forth in her petition, and for which she was entitled to recover. With her contention we cannot agree.

A careful examination of the statute in question will not justify such a conclusion. This statute makes it the duty of the court, in the event a proper case is presented to it, to determine from the evidence which of the parties executed the instrument as a surety; and, when the court has made that finding, it then becomes the duty of the clerk to certify which of the judgment debtors is the principal and which is the surety. By this statute no duty whatever is imposed upon the plaintiff in said action to enlighten the court as to the relation that existed between the defendants in said action. That is a right which the surety may exercise if he sees proper. If he sits silently by and fails to take advantage of this privilege extended to him by the statute, he is not entitled to the provision of the statute thereafter. It is not claimed here that at the time of the rendition of these judgments that the plaintiff in error sought the relief afforded by this statute; she does not allege in her petition that she requested the court to make any such findings, nor is it shown

in any way how the clerk of the court failed to comply with his duty in making the certification which must be made by him after the court has made the finding. The petition does allege that the judgment was rendered against all of said parties, and was a general or a joint judgment, and the petition negatives a finding that Alice Harn was in fact a surety. If the plaintiff in error sought to have the court make this finding, and the court refused to do so, her remedy was by appeal, and she cannot now in this action collaterally attack the judgment of the superior or district courts of Oklahoma county, nor can she in this case correct that record to make it show that said judgments were rendered against these principals, and herself, as surety.

The petition here does not allege that any of the property of the plaintiff in error was sold by the sheriff under said executions, but it appears that she voluntarily paid said judgments thus rendered against her and her codefendants, but, be that as it may, the same is not material here, for this section of the statute above quoted is not capable of the construction placed upon it by her. No duty is imposed thereby upon the judgment creditor, and if it is violated in any way, he is not responsible therefor.

This court in U. S. F. & G. Co. v. Ballard, 44 Okla. 807, 145 Pac. 396, said:

"It is true that the statute gave the trial court the right to find the relations of the defendants upon evidence, either record or parol, and to declare that one was principal and the other surety. * * * However, in the absence of a finding by the trial court and the direction of the clerk and the entering of judgment accordingly, the statute does not authorize or empower the appellate court to find the relationship existing between the parties to the judgment. This question cannot be raised for the first time in this court."

And in Bank v. Weins, 12 Okla. 502, 71 Pac. 1073, this court said:

"The mode of rendering a judgment in order to make it appear upon the record who was the principal debtor, and who was surety is controlled by the statute in Oklahoma as well as in Nebraska. * * * In this case there was no question of suretyship raised in the court in which the judgment was rendered, and which is made the basis of this action, and hence it cannot be considered for the first time in this court."

And in State v. McGlothlin, 61 Iowa, 312, 16 N. W. 137, it is said:

"Section 3039 of the Code, which provides that 'when a judgment is against a principal and his surety, the officer having the collection thereof shall exhaust the property of the principal before proceeding to sue that of the surety,' only applies when judgment has been obtained against both principal and surety, and not then, unless the order of liability is stated in the judgment. Code, § 3092."

See, also, Kelly v. Collins, 11 Ohio, 310; Elliott v. Elmore, 16 Ohio, 27; Stewart v. Ray, 26 N. C. 269; Riley v. Butler, 36 Ind. 51; Douch v. Bliss, 80 Ind. 316.

The Supreme Court of Kansas, in Foote v. Sprague, 13 Kan. 120, says:

"In an action on a promissory note against two persons who executed the note apparently as joint principals, but who were in fact one a principal and the other his surety, and where the pleadings show this fact, and the petition asks for a judgment against the surety only as a surety, and no issue is made upon the subject, and the surety does not ask the court to render a judgment against himself only as a surety, and it does not seem that the attention of the court was ever called to the fact that the surety was only a surety, held, not error for the court to render judgment against the makers of the note as though they were both principals."

In Fox v. Hudson, 20 Kan. 246, the Supreme Court of that state said:

"It is urged that the court erred in sustaining the demurrer, and that Fox, being but a surety, was in fact discharged from liability by the agreement between the principal debtor and the creditor. In this too we must disagree with counsel. The judgment which was entered contained no such stipulation as is said was entered into; and in it were merged all prior agreements. By it the principal debtor was named, and the law compelled the sheriff to exhaust his property before touching that of the surety. The rights of the surety were fully protected by it beyond the interference of the plaintiff. The mandate of the writ could not be changed at the instance of the plaintiff. The very judgment which the rights of the parties required was entered; and the only process which could issue thereon was prescribed by the express language of the statute, and was unchangeable by either party. Nothing was in fact done which trespassed upon the rights of the surety. True, it is alleged that execution was not issued until the principal debtor became insolvent; but that was nothing but delay on the part of the creditor, which does not release the surety; and the latter could at once have paid the judgment and been subrogated to the rights of the creditor in the judgment against the principal."

In Union Mutual Ins. Co. v. Page, 65 Okla. 101, 164 Pac. 116, L. R. A. 1918C, this court said:

"The general liability of a surety upon a note, account, or bond is not conditioned upon the exercise of diligence by the holder of the obligation to collect of the principal, and the negligence or passive inactivity of the holder is not a defense available to the surety."

Alice Harn could have paid the debt before the institution of the suit, or could have satisfied the judgment after the institution had been subrogated to all the rights of the plaintiff in this action and could have proceeded against her principals and protected her rights in the premises had she decided to have done so. Her obligation was absolute and not conditional. See Humphrey v. Hitt, 6 Grat. (Va.) 133, 52 Am. Dec. 133; Hogshead v. Williams, 55 Ind. 145; Knight v. Charter, 22 W. Va. 422.

Considering the petition, each paragraph thereof to which this demurrer was sustained, we are of the opinion that the trial court correctly sustained the same, for the reason that no cause of action is set forth therein.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.