**WOODS v. FT. SMITH & WESTERN RY. CO. et al.**

No. 12159—Opinion Filed Oct. 23, 1923.

(Syllabus.)

**Damages—Torts—Right to Recover Nominal Damages.**

In an action on tort, where a breach of duty is shown and the amount of the resulting injury is not shown, the plaintiff is entitled to recover nominal damages, and it is error to sustain a demurrer to the plaintiff's evidence because the testimony is insufficient to show the amount of the damages sustained.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by Wm. R. Woods against the Ft. Smith & Western Railway Company and Arthur L. Mills, receiver. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Geo. W. Partridge, for plaintiff in error.

John Adams and Warner, Hardin & Warner, for defendants in error.

COCHRAN, J. This action was filed by the plaintiff in error to recover damages on account of the overflow of land belonging to the plaintiff in error alleged to have been occasioned by the negligent diversion of flood waters by the defendants in error. The parties will be referred to as plaintiff and defendants, as they appeared in the trial court. The plaintiff sought to recover damages to the real estate and also for damages to the growing crops. A demurrer was sustained to the evidence of the plaintiff by the trial court on the ground that there was no evidence tending to show a permanent damage to the land, and that the plaintiff had introduced no competent evidence showing the amount of damages sustained by reason of the loss to the growing crops.

It is conceded by the defendants that there was sufficient evidence to entitle the plaintiff to have the case submitted to the jury on the question of negligence of the defendants, but it is contended that the trial court correctly sustained a demurrer to the evidence because of the failure to introduce evidence from which the amount of damages could be properly ascertained. We are of the opinion that the trial court correctly held that there was no testimony tending to show permanent injury to the real estate and no recovery could be had therefor. There was evidence in the record showing that the growing crops belonging to the plaintiff were destroyed by the overflow, and, while the testimony shows that the land was farmed by tenants, it fails to show except in one instance what portion of the growing crops belonged to the landlord and what portion belonged to the tenant, and, while there was not sufficient evidence from which the jury could have properly ascertained the actual damages sustained by the plaintiff to his growing crops, we are of the opinion that it was error for the court to sustain a demurrer to plaintiff's evidence. There was evidence tending to show negligence on the part of defendants and there was evidence showing that by reason thereof the plaintiff had been damaged. In these circumstances, upon the failure of the plaintiff to introduce evidence from which the jury could determine the amount of the damages, plaintiff was entitled to recover nominal damages. The plaintiff was entitled to recover for the destruction of the growing crops the value of his portion of such crops in the condition in which they were at the time of the destruction; and, before a recovery of actual damages would have been justified, it would have been necessary for the plaintiff to prove what portion of the crop belonged to him and to have introduced some evidence from which the value of the crop in its condition at the time of the destruc-

tion could have been determined. C., R. I. & P. R. R. Co. v. Johnson, 25 Okla. 760, 107 Pac. 662; M., O. & G. Ry. v. Brown, 41 Okla. 70, 136 Pac. 1117. Having failed to introduce testimony showing the amount of damages, the plaintiff was entitled to recover only nominal damages, but it was error to refuse to permit a recovery of such damages. Coalgate Co. v. Isherwood (Ind. Ter.) 104 S. W. 565; Capps v. Vasey Bros., 23 Okla. 554, 101 Pac. 1043; Welch v. Evans Bros. Const. Co. (Ala.) 66 South. 517; Wynn v. Atlantic Coast Line R. Co. (Fla.) 64 South. 232; Jelalian v. N. Y., N. H. & H. R. Co., 119 N. Y. Supp. 136; Pierce v. Aiken (Tex. Civ. App.) 146 S. W. 950.

For the reason stated, judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.