## WHITEHEAD et al. v. COOK.

No. 12574—Opinion Filed Sept. 16, 1924.

### 1. Injunction—Bond—Liability.

An injunction bond is given to secure to the party injured the damages he may sustain, if it be finally decided that the injunction ought not to have been granted. A judgment on the merits of the action against the party obtaining a temporary injunction is a final decision that the injunction ought not to have been granted.

### 2. Same—Nominal Damages.

In an action on an injunction bond, where no actual damages are shown, nominal damages are recoverable where it is shown that the injunction was wrongfully obtained.

### 3. Appeal and Error—Preserving Error — Instructions.

In order to have instructions reviewed on appeal, it is necessary to except to each instruction complained of, and have the action of the trial court in giving each instruction and the exception thereto noted and signed by the trial judge, as provided by section 542, Comp. Stat., 1921.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pittsburg County; T. P. Clay, Assigned Judge.

Action by Oscar Wayne Cook against James E. Whitehead et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Guy L. Andrews, for plaintiffs in error.

E. C. Marianelli and Chas. H. Garnett, for defendant in error.

Opinion by JARMAN, C. This was an action on an injunction bond, resulting in a verdict in favor of the plaintiff for $40, on which judgment was rendered, and the defendants bring error.

The plaintiff, Oscar Wayne Cook, prayed a judgment against the defendant, James E. Whitehead, for $163.95, and thereafter, and on May 26, 1915, Whitehead commenced an action in the district court of Pittsburg county to recover the sum of $800, alleged to be due, and in connection therewith, Whitehead sought and obtained a temporary injunction, enjoining Cook from collecting the judgment of $163.95 until the right of the parties involved in that action could be determined. To procure the temporary injunction, Whitehead was required to give a bond in the sum of $500, which was given and the same was duly approved on May 26, 1915, with Whitehead as principal, and J. G. Puterbaugh and S. H. Tanner as sureties.

Said injunction bond was in the statutory form and provided that the principal and sureties thereto would pay to the defendant "all damages which he may sustain by reason of the granting of said temporary injunction, should it be held that the same was wrongfully obtained." Cook filed an answer alleging, among other things, that he was not the owner of said judgment for $163.95, the collection of which was enjoined, but that he had, long prior to the filing of said suit, sold and assigned said judgment to the Oklahoma Mortgage & Investment Company. On August 15, 1916, said cause came regularly on for hearing on its merits and resulted in a verdict for the defendant Cook, on which judgment was rendered, and the further judgment was then rendered by the court dissolving and vacating the temporary injunction. No appeal was taken from this judgment and the same became final. This action was then commenced on the injunction bond by Cook against Whitehead and his sureties, to recover damages for the wrongful issuance of said injunction.

The first contention of the defendants is that the plaintiff could not maintain this action on the injunction bond, because there was no finding or judgment of the court that the injunction was wrongfully obtained. The court in the former case, in which said injunction was granted, after said cause was tried on its merits and decided adversely to Whitehead, merely entered a judgment dissolving said injunction, and made no finding as to whether the same had been wrongfully granted; and the defendants urge that in the absence of such finding or judgment, that a right of action on the injunction bond for the suing out of said injunction did not accrue. With this contention we cannot agree for the reason that the final determination of the action on its merits, adversely to Whitehead, is equivalent to, and has the effect of, a final decision that the injunction ought not to have been granted. Fox v. Hudson et al., 20 Kan. 246.

The defendants next contend that no judgment for damages on the injunction bond could be recovered for the reason that the judgment, the collection of which was enjoined, was not owned by the plaintiff Cook. The evidence discloses that, prior to the time Whitehead sued out the injunction, Cook had sold and assigned the judgment, which Whitehead enjoined the collection of, to the Oklahoma Mortgage & Investment Company, and the defendants urge that the enjoining of the collection of said judgment did not affect the rights of Cook and could not in

any way damage him. It is true, under such circumstances, that Cook did not suffer any actual damages by reason of said injunction, and could not recover actual damages for the wrongful issuing thereof, but, under section 6015, Comp. Stats. 1921, Cook was entitled to recover nominal damages on said injunction bond, and the judgment for $15 expenses and $25 attorney fees, totaling $40, expended in defending the injunction branch of the case, amounts to nominal damages. When Whitehead caused the injunction to wrongfully issue against Cook, and involved Cook in a lawsuit pertaining to said injunction, he breached his duty to Cook, and although no appreciable detriment was caused Cook, yet, under section 6015, supra, Cook was entitled to recover nominal damages for the wrongful issuing of said injunction.

The next contention of the defendant is that the court erred in refusing to give instructions Nos. 1 and 2 requested by defendants. Instruction No. 1, requested by defendants, instructs the jury to return a verdict in favor of the defendants and against the plaintiffs; and instruction No. 2, requested by the defendants, is to the effect that the plaintiff was not entitled to recover judgment against the defendants, if the jury found that Cook did not own the judgment, the collection of which was enjoined. The error assigned by the defendants, in the refusal of the court to give said instructions, has been discussed and disposed of adversely to the contentions of the defendants in disposing of the other propositions heretofore discussed in this opinion.

The defendants further contend that the court erred in giving certain instructions, but these instructions cannot be reviewed here for the reason that each of said instructions complained of was not excepted to by the defendants and signed by the trial judge as required by section 542, Comp. Stats. 1921. Alva Roller Mills v. Simmons, 74 Okla. 314, 185 Pac. 76; Security Ben. Association v. Lloyd, 97 Okla. 39, 222 Pac. 544.

No prejudicial error appearing in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.