### SARG v. SUGG.

*96 P. 2d 15.*

No. 28926. Nov. 14, 1939.

Bishop, Bishop & Seay, of Seminole, for plaintiff in error.

Wade Pipkin, of Seminole, for defendant in error.

BAYLESS, C. J. C. W. Sarg, a justice of the peace of Seminole county, appeals from a judgment of the superior court of that county in favor of A. R. Sugg, formerly his clerk, for services rendered. He likewise complains of the refusal of the superior court to render judgment in his favor upon his cross-petition.

The evidence upon the issue of whether Sarg hired Sugg for any services in connection with criminal cases is in dispute, and since this is a law action and was tried to the trial judge without a jury, the trial judge's finding upon the disputed evidence has the effect of a jury's verdict and is conclusive, there being some evidence reasonably tending to support it. Sarg has admitted as much in his brief, and has abandoned any contention of error in this respect.

However, Sarg does insist that his cross-petition stated a cause of action, that he introduced evidence reasonably tending to support it, that no evidence was introduced to the contrary, and that the judge's finding against him is against the weight of the evidence, and, in fact, is not supported by any evidence.

When Sugg commenced this action against Sarg in a justice of the peace court in Seminole county, he caused a writ of garnishment to be issued against Seminole county to impound the fees the county then owed to Sarg. Sarg thereupon succeeded in having the garnishment dissolved upon his showing that it had been wrongfully obtained, and the judgment in this respect became final.

Sarg cites our statutes authorizing him to defeat the garnishment upon such ground, and also cites section 648, O. S. 1931, 12 Okla. St. Ann. § 1234, reading in part:

"* * * If the attachment or garnishment shall be discharged on motion prior to final judgment, the defendant may, upon proper supplemental answer, re-

cover his damages, as in other cases, for such wrongful attachment or garnishment."

Sarg followed this statute in this action by filing his supplemental pleading seeking damages, and, as stated, offered proof in support thereof, and was denied recovery.

Sarg cites Oklahoma State Bank of Ada v. Reed, 143 Okla. 131, 288 P. 281, in support of the law upon which he based his cross-petition, and Stumpf v. Pederson, 180 Okla. 408, 70 P. 2d 101, in support of his contention that his evidence was sufficient to sustain his plea.

Due to the fact that the judgment discharging the garnishment became final, there can be no question that the garnishment was wrongfully obtained, nor can there be any issue of law upon Sarg's right to recover any damage he sustained.

However, the damages that he sustained must be shown by proof. The only damages that can be mandatorily awarded him herein is nominal damages by virtue of section 10002, O. S. 1931, 23 Okla. St. Ann. § 98:

"When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."

Under Whitehead v. Cook, 100 Okla. 282, 229 P. 254, Oklahoma City v. Hopcus, 174 Okla. 186, 50 P. 2d 216; Woods v. Ft. Smith & W. Ry. Co., 96 Okla. 1, 219 P. 650, and other cases construing this section of our statutes, proof of a tortious invasion of rights gives rise to a right to nominal damages even though there has been a failure of proof of actual damages. For this reason, the judgment denying any recovery on the cross-petition is wrongful and must be reversed in that respect.

Reverting to our previous statement that actual damages must be shown, we feel that the evidence introduced by Sarg in this case cannot be ignored. His testimony was that he had obligated himself· to pay his attorney $35, and would pay

that much, and that he was forced to make three trips from his home town to the county seat to attend to matters and hearings pertaining to the garnishment, and that his expenses in connection therewith were $5 per day. We recognize that the trial judge was sitting as a jury, and that much conclusive discretion is vested in a jury, and in a trial judge sitting without a jury in a law action with respect to the credibility of the witnesses, the weight of the evidence, and other essentials inhering in the rendition of a verdict. This is especially so in an action for damages for a wrong done. But the law is clear that neither a jury nor a trial judge may arbitrarily disregard evidence, nor can they return a verdict in the absence of some evidence reasonably tending to support their verdict or finding. We said in Terry v. Creed, 28 Okla. 857, 115 P. 1022:

"Where there is no evidence reasonably tending to establish a material issue submitted to the jury under the instructions of the court, which the jury must have found in favor of the prevailing party in order to have returned the verdict returned, the verdict will be set aside."

See .Hassell v. Morgan, 27 Okla. 453, 112 P. 969; Puls v. Robt. Casey, 18 Okla. 142, 92 P. 388, and other cases.

We also said in Maly v. Lamberton, 113 Okla. 168, 240 P. 718:

"Where a verdict cannot be justified upon any hypothesis presented by the evidence, it would be unjust to permit it to stand. The jury are not permitted to disregard the law and the evidence and arbitrate the matters submitted to them according to their own theories of what may be right between the parties, which is in reality deciding it merely according to their own whim, and in disregard of the evidence."

See Hart Gro. Co. v. Hunt, 175 Okla. 32, 52 P. 2d 66.

The evidence of Sarg with respect to what he had obligated himself to pay his attorney and the expenses he had incurred in attending to the garnishment matter is undisputed by any evidence on

the part of Sugg; and it is not inherently improbable nor is it wholly unreasonable. We think it is sufficient to establish that he had suffered some actual detriment, and that a jury would not have been justified in disregarding the evidence and refusing any recovery thereon. The same applies to a trial judge.

As pointed out heretofore, Sarg was entitled to nominal damages in any event. Under the record before us, we are not justified in permitting the judgment denying him a recovery on his cross-petition to stand.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

RILEY, CORN, HURST, and DANNER, JJ., concur.